Ruth C. RODEBAUGH et
al., Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Appellee.

CANTON SAND & GRAVEL CO.,
et al., Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Appellee.

Nos. 74–2275, 74–2276.

United States Court of Appeals,
Sixth Circuit.

June 11, 1975.

Charles Pitts, pro se.

Jim Guy Tucker, Atty. Gen., and Jack
T. Lassiter, Asst. Atty. Gen., Little Rock,
Ark., for appellee.

Before GIBSON, Chief Judge, and
HEANEY and STEPHENSON, Circuit
Judges.

Albert B. Arbaugh, Black, McCuskey, Souers & Arbaugh, Canton, Ohio, for appellants.

Scott P. Crampton, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., Leonard J. Henzke, Jr., Libero Marinelli, Jr., Meade Whitaker, Chief Counsel, I.R.S., Washington, D. C., for appellee.

Before PHILLIPS, Chief Judge, and CELEBREZZE and ENGEL, Circuit Judges.

PER CURIAM.

The taxpayers appeal from an adverse decision of the United States Tax Court reported unofficially at 1974 P-H Tax Ct.Mem. Dec. ¶ 74,036. The case involves income tax deficiencies, additions to the tax and transferee liability for the years 1961 through 1965 asserted against Donald C. Rodebaugh and his wife, Mrs. Ruth C. Rodebaugh, and three corporations wholly controlled by them. Reference is made to the memorandum opinion of the Tax Court, prepared by Judge Theodore Tannenwald, Jr., for a recitation of the pertinent facts.

Mr. and Mrs. Rodebaugh controlled four corporations, all engaged in the mining, processing and sale of sand and gravel. A partnership was formed, consisting of the four corporations. The partnership agreement provided that the net profits of the partnership would be distributed to, and the losses borne by, the corporations in stipulated percentages. The taxpayers, together with the partnership, entered into a lease agreement with a third party in 1960 which granted an exclusive option to purchase the plants, equipment and lease-hold interests. The tax effects of payments made under this agreement are in dispute in this case. Payments made to the taxpayers' partnership were divided among the partner corporations according to the formula set forth in the partnership agreement. In 1964, by a supplemental agreement pursuant to the exclusive option, the Rodebaughs and the partner corporations sold all the plants, equipment and mineral leases to the third party lessee.

By authority of 26 U.S.C. § 482 the Commissioner reallocated among the partner corporations the income represented by the lease payments on the basis of the gross sales volume of materials mined and processed at the respective sites, concluding that this reallocation more clearly reflected their income.

The Tax Court held that the taxpayers failed to sustain their burden of proving that their allocation of payments income among the partner corporations was correct, stating that the testimony on this point was "vague and generalized" and that there was an absence of corroborating data. The Tax Court concluded that the taxpayers had not established that the Commissioner's allocation was arbitrary or unreasonable.

In Spicer Theatre, Inc. v. Commissioner, 346 F.2d 704, 706 (6th Cir. 1965), this court said:

> Under section 482, the Commissioner is given the power to scrutinize closely all transactions between mutually controlled corporations.
>
> \* \* \* \* \* \*
>
> Clearly the purpose of former § 45 and present § 482 is to prevent the

avoidance of tax or the distortion of income by the shifting of profits from one business to another.

The effect of § 482 is to grant the Commissioner broad discretionary power. The burden is placed on the taxpayer to prove the determination to be arbitrary. Aiken Drive-In Theatre Corp. v. United States, 281 F.2d 7, 10 (C.A. 4). "His determination in this regard will be overturned only if shown by the taxpayer to have been arbitrary or unreasonable. A determination as to whether or not the Commissioner has exceeded or abused his discretion turns upon questions of fact and is subject to limited review." Ballentine Motor Co. v. Commissioner of Internal Revenue, 321 F.2d 796, 800 (C.A. 4); Hall v. Commissioner of Internal Revenue, 294 F.2d 82 (C.A. 5).

See also Engineering Sales, Inc. v. United States, 507 F.2d 565 (5th Cir. 1975).

We hold that the Tax Court correctly found that the Commissioner did not abuse his discretion in reallocating payments.

The three other issues raised on appeal involve issues of fact. We hold that the decision of the Tax Court is not clearly erroneous, Commissioner v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960), in finding that:

(1) All the proceeds of the 1964 sale of the corporate taxpayers' property were attributable to the sale of machinery and equipment, rather than to mineral leases;

(2) Certain automobile and business expenses were for the personal benefit of the individual taxpayers, and thus not deductible, and were taxable as constructive dividends to Mr. Rodebaugh; and

(3) Certain drilling expenditures were for the benefit of Mrs. Rodebaugh and were not deductible by United States Sand and Gravel Company.

Affirmed.