T.C. Memo. 1996-106


UNITED STATES TAX COURT


RICHARD D. HUDSON AND BETTY L. HUDSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4119-94.                    Filed March 7, 1996.


<u>Philip A. Sallee</u>, for petitioners.

<u>Ronald T. Jordan</u>, for respondent.


MEMORANDUM OPINION


LARO, <u>Judge</u>:  This case is before the Court fully
stipulated.  See Rule 122.  Richard D. Hudson and Betty L. Hudson
petitioned the Court to redetermine respondent's determination of
deficiencies in their 1987 and 1988 Federal income taxes and

additions thereto under sections 6653(b)(1)(A) and (B)[1] (for

1987) and section 6653(b)(1) (for 1988).  Respondent reflected

this determination in a notice of deficiency issued to Richard D.

and Betty L. Hudson on December 8, 1993.  The notice of

deficiency shows the following deficiencies and additions

thereto:

| | | Additions to Tax | | |
| | | Sec. | Sec. | Sec. |
| Year | Deficiency | 6653(b)(1)(A) | 6653(b)(1)(B) | 6653(b)(1) |
| 1987 | $12,989 | $9,742 | [1] | --- |
| 1988 | 19,483 | --- | --- | $14,612 |

[1]50 percent of the interest due on $12,989.

Following concessions, we must decide:

1.   Whether respondent abused her discretion in requiring

petitioner's business to use an accrual method of accounting for

purchases and sales.  We hold she did not.

2.   Whether petitioner may compute his adjustment under

section 481(a), which results from the change to an accrual

method, by reference to the 3-year rule under section 481(b).

We hold he may not.

Unless otherwise stated, section references are to the

Internal Revenue Code in effect for the years in issue.  Rule

references are to the Tax Court Rules of Practice and Procedure.

Dollar amounts are rounded to the nearest dollar.  We use the

_____

[1] Respondent's notice of deficiency erroneously referred to
sec. 6653(b)(2)(B).

term "petitioner" to refer solely to Richard D. Hudson. Betty L. Hudson is a party mainly because she filed joint Federal income tax returns with petitioner during the subject years.

## Background

The stipulated facts and exhibits are incorporated herein by this reference. Petitioner and Mrs. Hudson are husband and wife. They resided in Bloomington, Indiana, when they petitioned the Court. They filed 1987 and 1988 Forms 1040, U.S. Individual Income Tax Returns, using the status of "Married filing joint return".

During the subject years, petitioner operated a sole proprietorship that sold diamonds and other gemstones at wholesale and retail prices. Petitioner started this business in 1965, and he has always used the cash receipts and disbursements method (cash method). Petitioner did not maintain inventories for purposes of computing his cost of goods sold, but he currently expensed all costs that he paid to purchase the diamonds and other gemstones. Following concessions by the parties, petitioner's gross receipts, cost of goods sold, and gross profit percentage for the subject years were:

|                          | 1987      | 1988      |
|--------------------------|-----------|-----------|
| Gross receipts           | $321,596  | $371,994  |
| Cost of goods sold       | $257,346  | $353,118  |
| Gross profit percentage  | 20%       | 5%        |

Respondent determined that petitioner had no ending inventory on December 31, 1987, and, consequently, no beginning inventory on January 1, 1988. The parties have since stipulated, however, that petitioner had $10,000 of inventory on January 1, 1988. Respondent also determined that petitioner had $61,305 of inventory on December 31, 1988.

## Discussion

### 1. Change in Method of Accounting

We must first decide whether respondent abused her discretion by changing petitioner from the cash method to an accrual method in order to reflect his inventory, beginning with the 1988 tax year. We refer to sections 446 and 471 to make our decision.

Taxable income generally is computed based on the method of accounting on which the taxpayer regularly keeps his or her books. Sec. 446(a). The term "method of accounting" includes the adjustment of any "material item" involving the proper timing of income and expense. Sec. 1.446-1(e)(2)(ii)(a), Income Tax Regs. Inventories are a material item.

Section 446(b) authorizes the Commissioner to exercise her discretion with respect to tax accounting methods.  As stated therein, "if the method used [by the taxpayer] does not clearly reflect income, the computation of taxable income shall be made under such method as, in the opinion of the Secretary, does clearly reflect income."  Sec. 446(b); see also Thor Power Tool Co. v. Commissioner, 439 U.S. 522 (1979).  In general, a method of accounting clearly reflects income when it accurately reports taxable income under a recognized method of accounting. Wilkinson-Beane, Inc. v. Commissioner, 420 F.2d 352, 354 (1st Cir. 1970), affg. T.C. Memo. 1969-79; RLC Indus. Co. v. Commissioner, 98 T.C. 457, 490 (1992), affd. 58 F.3d 413 (9th Cir. 1995); Rotolo v. Commissioner, 88 T.C. 1500, 1513 (1987). Courts do not interfere with the Commissioner's discretion with respect to accounting methods unless she has abused it.  Thor Power Tool Co. v. Commissioner, supra at 532; Lucas v. American Code Co., 280 U.S. 445, 449 (1930); Ford Motor Co. v. Commissioner, 102 T.C. 87, 92 (1994), affd. 71 F.3d 209 (6th Cir. 1995).  Whether the Commissioner has abused her discretion is a question of fact, Rodebaugh v. Commissioner, 518 F.2d 73, 75 (6th Cir. 1975), affg. T.C. Memo. 1974-36, and her determination will not be set aside unless it is shown to be "plainly arbitrary", Thor Power Tool Co. v. Commissioner, supra at 533.  Petitioner must prove that the exercise of the Commissioner's discretion was plainly arbitrary.  Asphalt Prods. Co. v. Commissioner, 796 F.2d

843, 848 (6th Cir. 1986), affg. on this issue <u>Akers v. Commissioner</u>, T.C. Memo. 1984-208, revd. on another issue 482 U.S. 117 (1987).

The Commissioner is given broad discretion to require a taxpayer to comply with tax accounting regulations. For example, the Commissioner can require that a taxpayer use an accrual method to report his or her purchases and sales of inventory. See, e.g., <u>Knight-Ridder Newspapers, Inc. v. United States</u>, 743 F.2d 781, 791 (11th Cir. 1984); <u>Wilkinson-Beane, Inc. v. Commissioner</u>, <u>supra</u> at 355; see also <u>Caldwell v. Commissioner</u>, 202 F.2d 112 (2d Cir. 1953), affg. a Memorandum Opinion of this Court dated June 29, 1951. The regulations under sections 446 and 471 provide detailed rules governing the costing and computation of inventories. The regulations provide that a taxpayer must keep inventories in computing his or her taxable income whenever the production, purchase, or sale of merchandise is an income-producing factor. Secs. 1.446-1(a)(4)(i); 1.471-1, Income Tax Regs. We consider the facts and circumstances of each case in deciding whether the purchase or sale of goods is an income-producing factor. <u>Honeywell, Inc. v. Commissioner</u>, T.C. Memo. 1992-453, affd. without published opinion 27 F.3d 571 (8th Cir. 1994); <u>Wilkinson-Beane, Inc. v. Commissioner</u>, T.C. Memo. 1969-79. The facts and circumstances of the instant case support the conclusion that petitioner's sale of diamonds and other gems was an income-producing factor in his business. See <u>Knight-</u>

Ridder Newspapers, Inc. v. United States, supra (newsprint used in connection with a newspaper publishing business); Wilkinson-Bean v. Commissioner, 420 F.2d. at 352 (purchase and sale of caskets maintained by a funeral home); see also Thompson Elec., Inc. v. Commissioner, T.C. Memo. 1995-292 (materials used by an electrical contractor); J.P. Sheahan Associates v. Commissioner, T.C. Memo. 1992-239 (roofing materials used in a roofing repair business); Surtronics, Inc. v. Commissioner, T.C. Memo. 1985-277 (metals used by a taxpayer in its electroplating business). We find critical the fact that petitioner's sale of gems was the only source of income from his business.

Petitioner argues that he has consistently used the cash method from the start of his business, and that the cash method is (1) authorized by the Internal Revenue Code and (2) clearly reflects his income. Under the facts at hand, however, we conclude that the cash method is not an authorized method for reporting petitioner's purchases and sales of gems.[2] Because the cash method is not an authorized method, the Commissioner did not commit an abuse of discretion in changing petitioner's method to an authorized method. An accrual method is authorized for the

---

[2] In this regard, the record does not indicate that the results under the cash method would be substantially identical with the results under an accrual method. See Wilkinson-Bean, Inc. v. Commissioner, 420 F.2d 352 (1st Cir. 1970), affg. T.C. Memo. 1969-79; Ansley-Sheppard-Burgess Co. v. Commissioner, 104 T.C. 367, 377 (1995);

purchase and sale of merchandise.[3]  Knight-Ridder Newspapers, Inc. v. United States, supra at 789; Sec. 1.446-1(c)(2)(i), Income Tax Regs.

We hold that respondent did not abuse her discretion in changing petitioner's method of accounting to an accrual method.

## 2.  Section 481 Adjustment

A taxpayer who changes his or her method of accounting, whether voluntarily or involuntarily, must compute an adjustment under section 481(a).  Section 481(a) provides that a taxpayer's taxable income for the year of an accounting method change is computed by taking into account those adjustments that are necessary (solely due to the change), to prevent amounts from being duplicated or omitted.  See also sec. 1.481-1(a)(1), Income Tax Regs.  An item of income or deduction will be duplicated if the taxpayer, in a prior year:  (1) Recognized income that would be recognized again under the new method of accounting or (2) deducted an item that would be deducted again under the new method of accounting.  An item of income or deduction would be omitted if the taxpayer, in a prior year:  (1) did not recognize income that will not be recognized under the new method of accounting or (2) Did not deduct an item that will not be deducted under the new method of accounting.

---

[3] Generally, where an individual has been required to maintain inventories, he or she must use the accrual method of accounting with regard to purchases and sales.  See sec. 1.446-1(c)(2)(i), Income Tax Regs.

Respondent determined (and reflected in her notice of deficiency) that petitioner's inventory had increased from an opening inventory of zero on January 1, 1988, to a closing inventory of $61,305 on December 31, 1988. Thus, respondent determined that petitioner's 1988 gross income should be increased by $61,305 to reflect this adjustment. See Hitachi Sales Corp. of America v. Commissioner, T.C. Memo. 1995-84. Respondent did not determine that any of this increase qualified as an adjustment under section 481(a). Respondent has since conceded that petitioner's opening inventory was $10,000 on January 1, 1988. Respondent further concedes that petitioner's gross income for 1988 should be increased by only $51,305. Petitioner does not dispute the fact that he must recognize $51,305 of income in 1988 on account of this adjustment. The parties disagree on whether the $51,305 adjustment is subject to section 481(a). If it is, petitioner claims that he can account for this adjustment under the rules of section 481(b). Section 481(b) applies when: (1) A taxpayer changes a method of accounting, (2) the taxpayer's income in the year of the change is increased by more than $3,000 solely by reason of the change in order to prevent amounts from being duplicated or omitted, and (3) the taxpayer used the former method of accounting during the 2 taxable years immediately preceding the year of the change. Sec. 481(b)(1).

Respondent argues that the adjustment in question is not an adjustment to which section 481(a) applies.  We agree with respondent.  None of her $51,305 adjustment is an adjustment under section 481(a).  Because respondent changed petitioner's method of accounting effective with his 1988 taxable year, the change is considered to have been made on January 1, 1988.  Sec. 1.481-1(c)(1), Income Tax Regs.  On January 1, 1988, petitioner had $10,000 of inventory.  Under the cash method, the cost of this inventory was deducted by petitioner in a previous year.  Because petitioner would be allowed to treat the cost of this inventory as an offset against receipts from sales again under the accrual method, a $10,000 adjustment under section 481(a) is necessary to prevent the amount from being duplicated.  Respondent, however, does not contend that the $10,000 must be included in petitioner's income as a section 481 adjustment.  Accordingly, we consider the adjustment under section 481(a) to be zero.  Cf. Jasionowski v. Commissioner, 66 T.C. 312 (1976).  Thus, we need not concern ourselves with the mechanics of section 481(b), because the adjustment under section 481(a) is zero.

To reflect concessions,

Decision will be entered
under Rule 155.