ESTATE OF Frank Martin PERRY, Sr., Deceased, Michael C. Perry, Whit S. Perry, and Robert S. Perry, Co-Executors, Petitioners-Appellees,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.

No. 90-4509.

United States Court of Appeals, Fifth Circuit.

May 13, 1991.

See also 927 F.2d 209.

---

Gary R. Allen, Chief, John A. Dudeck, Jr., Robert S. Pomerance, Appellate Section, Dept. of Justice, Tax Div., Abraham N.M. Shashy, Jr., Chief Counsel, I.R.S., Shirley D. Peterson, Asst. Atty. Gen., Washington, D.C., for respondent-appellant.

Hugh Cameron Montgomery, Jr., Charles L. Brocato, J. Lee Woodruff, Jr., Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., for petitioners-appellees.

Before JOHNSON, SMITH and WIENER, Circuit Judges.

BY THE COURT:

IT IS ORDERED that Petitioners–Appellees' motion for an award of attorneys' fees is GRANTED pursuant to Section 7430 of the Internal Revenue Code of 1986, as amended (the Code), in the amount of $9,206.25.

The contents of the motion for attorneys' fees filed on behalf of Petitioners–Appellees (hereafter Movants) reflect Movants' compliance with all prerequisites for obtaining attorneys' fees from Respondent–Appellant (hereafter Commissioner) pursuant to Section 7430 of the Code. The motion is supported by an affidavit, Exhibit C, executed by counsel for Movants, which exhibit is in turn supported by an itemized listing, identified as Appendix A, reflecting the date, attorney, time and description of each professional service rendered, and sworn to by counsel as reflecting contemporaneous time records of the five attorneys who participated in the representation of Movants on appeal. The rate proposed for calculation of the fees recoverable for professional services of the five attorneys in question is the statutory rate of $75.00 per hour, and the total hours reflected by contemporaneous time records is 122.75, producing the total fees requested of $9,206.25.

In opposing the motion for an award of attorneys' fees on appeal, the Commissioner has not questioned the reasonableness of the hourly rate, the number of hours devoted to the case, the number or qualifications of the attorneys representing Movants on appeal, the quality or competence of the evidence supporting the motion, the fact that Movants prevailed in the underlying litigation, the net worth of Movants, or any other possible point of contention except whether the Commissioner was "substantially justified" in taking the instant appeal.

In relying solely on the "substantially justified" issue to avoid attorneys' fees, the Commissioner advances several arguments. He posits first that the mere fact that the government did not prevail in the underlying litigation does not require determination that its position was unreasonable. Although we agree that such a determination is not *required* by the government's failure to prevail, it clearly remains a factor to be considered.

The Commissioner next suggests that the significance of another factor, its prior losses of identical appeals in two other circuits, is somehow watered down or nullified by the fact that *Bel v. United States*, 452 F.2d 683 (5th Cir.1971) was still the law in this circuit, thereby legitimizing the Commissioner's litigating position that ERTA's amendment of Section 2035 did not overrule *Bel*. In support of that position the Commissioner argues that the absence of a decision from this circuit regarding the post-ERTA viability of *Bel*'s holding on the issue of this case somehow justifies the government's appeal as a matter of first impression or unsettled law in this circuit. In this situation the reliance of the Commissioner is misplaced. When Congress adopts a new law the clear and unequivocal language of which unmistakably overrules a holding of an earlier case, the absence of a new decision recognizing the obvious does not equate with unsettled law or first impression in the context of this matter.

The Commissioner next implies that its decision to press on with this appeal is made reasonable by the fact that the Solicitor General authorized the appeal following "careful consideration" by the IRS, the Commissioner, and the office of the Solicitor General. Again the reliance of the Commissioner is misplaced. Those facts could be relevant were the Commissioner's good faith the issue before us, but the issue before us is not good faith; it is substantial justification. A policy decision to continue to whip a dead horse in circuit after circuit in the hope, however vain, of establishing a conflict is clearly an option within the discretion of the Commissioner. That does not, however, substantially justify his causing an innocent taxpayer in each other circuit to expend attorneys' fees for the dubious honor of being the Commissioner's guinea pig. The Commissioner is certainly free to pursue his historic policy of litigating and re-litigating the same issue from circuit to circuit. But when he does so time and again in cases, such as this, wherein the Commissioner elects to ignore the clear wording of a Congressional amendment to the Code, he does so at the risk of incurring the obligation to reimburse such taxpayers for attorneys' fees pursuant to the provisions of Section 7430.