T.C. Memo. 1997-163


UNITED STATES TAX COURT


JAMES D. SCHLICHER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21305-94.                        Filed April 1, 1997.


<u>Jon R. Vaught</u>, for petitioner.

<u>Jeremy McPherson</u>, for respondent.



MEMORANDUM OPINION

PARR, <u>Judge</u>:  This case is before the Court on petitioner's
motion for reasonable litigation costs,[1] filed on February 24,

---

[1]  Petitioner does not request an award of reasonable
administrative costs, because he represented himself throughout
the Internal Revenue Service administrative proceedings.

1997, pursuant to section 7430 and Rules 230 through 232.[2]
Neither party requested an evidentiary hearing.  The relevant
facts are taken from the parties' memoranda and our opinion in
Schlicher v. Commissioner, T.C. Memo. 1997-37 (Schlicher I).  At
the time the petition in this case was filed, petitioner resided
in Clayton, California.

The only issue for decision is:  (1) Whether respondent's
position was substantially justified within the meaning of
section 7430(c)(4) and the regulations thereunder.  We hold it
was.

Background

In July of 1988, petitioner realized a $419,000 gain from
the sale of his principal residence in Livermore, California.  It
is undisputed that the entire amount therefrom was eligible for
nonrecognition treatment pursuant to section 1034(a).

In December of 1988, petitioner purchased 51 acres of
undeveloped land in Clayton, California (the Clayton Property),
for $380,000.  Within the 2-year period following the date of
sale of the Livermore residence, petitioner incurred expenses of
$146,922 to construct a residence, garage, and a barn on the
Clayton property, which he used for personal purposes.

_____

[2]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure, unless otherwise indicated.  All dollar amounts are
rounded to the nearest dollar, unless otherwise indicated.

By statutory notice of deficiency dated August 29, 1994, respondent determined a deficiency in petitioner's income tax for 1988 of $98,917, and additions to tax under sections 6651(a)(1) and 6654(a) of $24,729 and $6,326, respectively.  The deficiency was based on respondent's determination that petitioner had capital gain from the sale of his principal residence in Livermore, California, because he failed to establish how much of the 51 acres of the new property, which he purchased in Clayton, California, was used by him as his principal residence.

In Schlicher I, we held that petitioner used only 7-1/2 of the 51 acres of the Clayton property for business, that the remaining land was used as his principal residence, and therefore that his investment in the latter qualified for nonrecognition treatment under section 1034(a).

Thereafter, on February 24, 1997, petitioner filed a motion for award of reasonable litigation costs (motion).

Discussion

For this Court to award reasonable litigation costs under section 7430,[3] several requirements must be met.  The record must

---

[3]  References to sec. 7430 in this opinion are to that section as amended by sec. 1551 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2752 (effective for proceedings commenced after Dec. 31, 1985) and by sec. 6239(a) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3743-3746 (effective with respect to proceedings commenced after Nov. 10, 1988).  Section 7430 was amended most recently by the Taxpayer Bill of Rights 2 (TBOR-2), Pub. L. 104-168, sec. 701, 110 Stat. 1452, 1463-1464 (1996), effective with

(continued...)

show that: (1) Petitioner exhausted available administrative remedies;[4] (2) petitioner met the net worth requirement of section 7430(c)(4)(A)(iii); (3) petitioner has substantially prevailed with respect to the amount in controversy or the most significant issue presented; and (4) the position of respondent was "not substantially justified". Sec. 7430.

Based upon the entire record, we find that petitioner satisfies conditions (1) through (3). However, as discussed below, we find petitioner has not established that the position of respondent was not substantially justified. As discussed supra at note 3, petitioner bears the burden of proof on this issue.

## Position of the United States Substantially Justified

In her notice of deficiency, respondent determined a deficiency against petitioner of $98,917, alleging that petitioner had capital gains from the sale of his principal residence in Livermore, California. Respondent contended at trial that petitioner used only 1 acre of the Clayton property as

---

[3](...continued)
respect to proceedings commenced after July 30, 1996. The amendments to the section shift to the Commissioner the burden of proving whether the position of the United States was substantially justified, sec. 7430(c)(4)(B). A judicial proceeding is commenced in this Court with the filing of a petition. Rule 20(a). Petitioner filed his petition on Nov. 16, 1994. Accordingly, the changes to sec. 7430 enacted by TBOR-2 do not apply here.

[4] This requirement applies only to a judgment for an award of reasonable litigation costs. Sec. 7430(b)(1).

his principal residence.  In Schlicher I, we held that petitioner used 43-1/2 of the 51 acres of the Clayton property as his principal residence.  Thus, petitioner was entitled to defer the gain therefrom under section 1034(a).

Petitioner asserts, based on our holding in Schlicher I, that he has substantially prevailed with respect to both the amount in controversy and the most significant issue.  We agree with petitioner on this point.  However, the fact that respondent loses the underlying litigation does not require a determination that the position of the Internal Revenue Service (IRS) was unreasonable so as to mandate an award for attorney's fees.  Broad Ave. Laundry & Tailoring v. United States, 693 F.2d 1387, 1391-1392 (Fed. Cir. 1982).  It does remain, however, a relevant factor to consider in determining the degree of the Commissioner's justification.  Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991).  Thus, we must decide whether the position of the United States in this court proceeding was substantially justified.

A position is "substantially justified" when it is "justified to a degree that could satisfy a reasonable person."  Pierce v. Underwood, 487 U.S. 552, 565 (1988).  It is not enough that a position simply has enough merit to avoid sanctions for frivolousness; it must have a "reasonable basis both in law and fact".  Id.

Whether the position of the United States in this proceeding was substantially justified depends on whether respondent's positions and actions were reasonable in light of the facts of the case and the applicable legal precedents. Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). The inquiry must be based on the facts reasonably available to respondent when the position was maintained. Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 689 (1990).

In deciding this issue, we must identify the point in time at which the United States is first considered to have taken a position, and then decide whether the position taken from that point forward was not substantially justified. Ordinarily, respondent takes a litigating position on the date the answer to the petition is filed. Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), affg. in part and revg. in part on other grounds and remanding T.C. Memo. 1991-144. Therefore, we begin by reviewing the facts reasonably available to respondent on March 24, 1995, the date she filed her answer to the amended petition, in order to evaluate the reasonableness of respondent's position. Id.

Respondent's position in this case was that petitioner held 50 acres of the Clayton property for business or investment, and to that extent, the cost allocable to such use cannot be included in petitioner's cost of purchasing a new residence. Respondent

claimed that petitioner could not have used only 7-1/2 acres of the Clayton property for his horse activity, because 7-1/2 acres is not a large enough area on which to exercise approximately 30 boarded horses. However, petitioner credibly testified that he does not train horses on his premises, nor does he give riding lessons or offer horseback riding facilities. Therefore, a boarding client who wants to train, ride, or exercise his or her horse must transport the animal to another facility. Accordingly, we found that because petitioner used the business portion of his premises solely for breeding and boarding horses he needs less land for such business, than for example, someone who operates a horse training and horseback riding facility. However, our finding does not negate the reasonableness of respondent's position.

In the alternative, respondent argued that petitioner held the upper portion of the Clayton property for investment. To support her contention, respondent noted that such land is zoned for residential use, and therefore has the potential of being subdivided into four additional home sites that petitioner could sell for profit. Furthermore, this area has a view of the surrounding mountains and countryside, thus making it a lucrative investment. Respondent points to the fact that petitioner had a 280-foot well drilled on one of the home sites for future use as evidence that he held this portion of the property for investment. Although in Schlicher I, we found that petitioner

did not hold such property for investment, based on the entire record and the facts discussed herein, respondent's argument was not unreasonable.

Moreover, given that no bright-line test exists for determining the number of acres a taxpayer may use as his principal residence, we find that respondent's position, in fact as well as in law, was justified to a degree that could satisfy a reasonable person. Although, in Schlicher I, we held that residential use includes "appreciating nature, living in open spaces, hiking, horseback riding, grazing cattle, and enjoying unobstructed views of the countryside," we realize that reasonable minds could differ with respect to the acreage allocable to such use. Schlicher v. Commissioner, T.C. Memo. 1997-37.

Thus we conclude, based on the discussion herein, that respondent's position had a reasonable basis in both law and fact. Pierce v. Underwood, 487 U.S. 552 (1988). Accordingly, we hold that respondent's position was substantially justified and that petitioner is not entitled to litigation costs under section 7430. Petitioner's motion will therefore be denied.

An appropriate order will be issued.