T.C. Memo. 1998-44


UNITED STATES TAX COURT


LARRY L. BEELER AND CYNTHIA J. BEELER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16052-94.                    Filed February 5, 1998.


<u>J. Paul Raymond</u>, for petitioners.

<u>Judith C. Winkler</u>, for respondent.


MEMORANDUM OPINION


COLVIN, <u>Judge</u>:  This case is before the Court on petitioners'
motion for an award of administrative and litigation costs, as
amended and supplemented, under section 7430 and Rule 231.

The parties have submitted affidavits and memoranda
supporting their positions.  We decide the motion based on the

memoranda, affidavits, and exhibits attached to the affidavits. The parties do not dispute the material facts in the affidavits or the authenticity of the exhibits attached to the affidavits. Respondent did not request a hearing.  Although petitioners requested a hearing, we conclude that a hearing is not necessary to properly decide the motion.  Rule 232(a)(3).

Unless otherwise indicated, section references are to the Internal Revenue Code.  References to section 7430 are to that section as amended by section 1551 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2752 (effective for proceedings commenced after Dec. 31, 1985) and by section 6239(a) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3743-3746 (effective with respect to proceedings commenced after Nov. 10, 1988).  Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioners are married and lived in Florida when they filed their petition in this case.

The primary issue in the underlying case, Beeler v. Commissioner, T.C. Memo. 1997-73, was whether petitioners' disposition of 76.5 acres of land in Pasco County, Florida, qualified for treatment as a like-kind exchange under section 1031.  Respondent determined in the notice of deficiency and contended throughout the case that some or all of the gain

realized by petitioners from the exchange of the 76.5 acres did not qualify for nonrecognition under section 1031 because petitioners exchanged assets other than land; i.e., certain business operating permits issued by Pasco County, goodwill, going-concern value, and sand. We found that petitioners did not exchange assets other than the 76.5 acres of land. The parties to the transaction testified and the documents relating to the transaction showed that petitioners transferred no assets other than land. Pasco County did not allow permit holders to transfer their permits to buyers of their land. We held that petitioners' transfer of the land qualified as a like-kind exchange under section 1031.

Discussion

A.   Motion for Administrative and Litigation Costs

Generally, a taxpayer who has substantially prevailed in a Tax Court proceeding may be awarded reasonable administrative and litigation costs. Sec. 7430(a), (c). To be entitled to an award, the taxpayer must:

1.   Exhaust administrative remedies.[1]  Sec. 7430(b)(1). Respondent concedes that petitioners meet this requirement.

---

[1] This requirement does not apply to an award for reasonable administrative costs.  Sec. 7430(b)(1).

2. Substantially prevail with respect to the amount in controversy. Sec. 7430(c)(4)(A)(ii)(I). Respondent concedes that petitioners meet this requirement.

3. Be an individual whose net worth did not exceed $2 million, or an owner of an unincorporated business, or any partnership, corporation, etc., the net worth of which did not exceed $7 million, when the petition was filed. Sec. 7430(c)(4)(A)(iii); 28 U.S.C. sec. 2412(d)(2)(B) (1988). Respondent concedes that petitioners meet this requirement.

4. Show that they did not unreasonably protract the proceedings. Sec. 7430(b)(4). Respondent concedes that petitioners meet this requirement.

5. Show that the position of the United States in the action was not substantially justified. Sec. 7430(c)(4)(A)(i). Respondent contends that petitioners do not meet this requirement.

6. Establish that the amount of costs and attorney's fees claimed by the taxpayers is reasonable. Sec. 7430(a), (c)(1) and (2). Respondent does not dispute the number of hours of legal services or other costs claimed by petitioners. Petitioners initially claimed that they were entitled to more than $75 per hour adjusted for inflation. Respondent disputed that contention. Petitioners now claim that they are entitled to $75

per hour adjusted for inflation.  Thus, the amount of costs is not in dispute.

B.    Whether the Position of the United States Was Substantially Justified

The sole issue for decision is whether respondent's position in this case was substantially justified.  A taxpayer has the burden of proving that he or she meets this requirement before the Court may award administrative and litigation costs under section 7430.  Rule 232(e).[2]

1.    Position of the United States

The position of the United States is the position taken by respondent:  (a) In the judicial proceeding, and (b) in the administrative proceeding as of the earlier of:  (i) the date the taxpayer receives the notice of the decision of the Internal Revenue Service Office of Appeals, or (ii) the date of the notice of deficiency.  Sec. 7430(c)(7).  Respondent determined in the notice of deficiency and contended in the answer that petitioners transferred assets other than land.  Thus, that is respondent's position for both the administrative and the judicial proceedings.

---

[2] The provisions of the Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 701, 110 Stat. 1452, 1463-1464 (1996), which amended sec. 7430, are effective for proceedings begun after July 30, 1996.  The provisions of the Taxpayer Bill of Rights 2 do not apply here because petitioners filed the petition in this case on Sept. 6, 1994.  See Maggie Management Co. v. Commissioner, 108 T.C. 430, 441 (1997).

2.    Substantially Justified Standard

A taxpayer must establish that the position of the United States in the litigation was not substantially justified to be entitled to an award for administrative and litigation costs. Sec. 7430(c)(4)(A)(i).  The substantially justified standard requires that the Government's position be justified to a degree that would satisfy a reasonable person.  Pierce v. Underwood, 487 U.S. 552, 565 (1988); Rickel v. Commissioner, 900 F.2d 655, 665 (3d Cir. 1990), affg. in part and revg. in part on other grounds 92 T.C. 510 (1989).  That standard applies to motions for litigation costs under section 7430.  Rickel v. Commissioner, supra.  Powers v. Commissioner, 100 T.C. 457, 470, 473 (1993), affd. on this issue and revd. in part and remanded on other issues 43 F.3d 172 (5th Cir. 1995).

To be substantially justified, the Commissioner's position must have a reasonable basis in both law and fact.  Pierce v. Underwood, supra; Hanover Bldg. Matls., Inc. v. Guiffrida, 748 F.2d 1011, 1015 (5th Cir. 1984); Powers v. Commissioner, supra. For a position to be substantially justified, there must be substantial evidence to support it.  Pierce v. Underwood, supra at 564-565; Powers v. Commissioner, supra at 473.

The fact that the Commissioner eventually loses or concedes the case does not in itself establish that a position is unreasonable.  Wilfong v. United States, 991 F.2d 359, 364 (7th

Cir. 1993); Hanson v. Commissioner, 975 F.2d 1150, 1153 (5th Cir. 1992). However, it is a factor to be considered. Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Powers v. Commissioner, supra at 471.

C. Whether Respondent Had a Basis in Fact and Law for the Position in the Notice of Deficiency

1. Basis in Fact

Respondent contends that respondent's position that petitioners transferred sand, their business of selling sand, business operating permits, and land was based on facts learned from an investigation; a visit to petitioners' land; interviews of realtors, appraisers, Pasco County officials, and State officials; and a review of petitioners' documents and affidavits, and that respondent had some of this information before sending the notice of deficiency. Respondent also contends that the like-kind exchange contract and addenda provide that petitioners transferred the permits.

We disagree. The documents of the sale and statements of the parties to the transaction show that petitioners transferred land and no other assets. Respondent does not indicate what the individuals told respondent's agents during the interviews. We infer that the interviews did not provide a factual basis for respondent's position because the trial testimony totally supported petitioners. Respondent contends that the trial testimony of the Pasco County Code enforcement officer and the

Pasco County ordinance provided a factual basis for respondent's position that petitioners transferred their permits. We disagree. The Code enforcement officer testified that nothing in the Pasco County file indicates that petitioners acknowledged transferring the permit to Mr. Dakic; and that, under the Pasco County Code, a buyer must go through the staff review and public hearing process, even if the seller held a permit; a permittee cannot guarantee that the County will issue a permit to a new owner; and, if land is sold, any permit issued to the prior owner is automatically suspended. We conclude that respondent had no basis in fact for the contention that petitioners transferred their Pasco County permits when they sold their land.

Respondent points out that petitioners previously sold sand from the 76.5-acre tract. Respondent contends that this provides a basis in fact for respondent's contention that petitioners transferred sand held for sale. We disagree. Respondent's reliance on the fact that petitioners had been in the sand mining business is misplaced because the documents for the transaction, as confirmed by other evidence, show that petitioners transferred only land, and not the sand mine, sand, or any other assets.

We conclude that respondent's position had no basis in fact when respondent issued the notice of deficiency or during the litigation of this case.

2.   Basis in Law

a.   Permits

Respondent points out that the Tax Court has not previously considered whether private parties can convey Pasco County permits.  Respondent contends that this issue is one of first impression, which provides a basis in law for respondent's position.  We disagree.  Respondent's position that petitioners may transfer their permits has no basis in law because the Pasco County Code did not permit them to do so and there is no other authority that says that they may.  Beaty v. United States, 937 F.2d 288, 292-293 (6th Cir. 1991) (none of Government's arguments had a chance of succeeding as a matter of law); see Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 688 (1990) (taxpayer must show that legal precedent does not substantially support respondent's position); DeVenney v. Commissioner, 85 T.C. 927, 930-931 (1985).  Respondent has no basis in law for the position that private parties can convey Pasco County permits.  Beaty v. United States, supra.

b.   Sand

Respondent contends that Watson v. Commissioner, 345 U.S. 544 (1953), is substantial authority that petitioners transferred sand separately from the land.  We disagree.  In Watson, the taxpayer sold a crop of growing oranges and the real property on which the orange trees grew.  The Supreme Court said that the

buyer and seller in <u>Watson</u> attributed substantial value to the unmatured crop.  <u>Id.</u> at 550.  <u>Watson</u> is not analogous to this case because here the parties to the exchange attributed no value to sand which had not been mined or otherwise separated from the realty.

We conclude that respondent's position in the notice of deficiency that petitioners transferred assets other than land had no basis in law.

D.   <u>Conclusion</u>

We conclude that respondent's position had no basis in fact or law and was not substantially justified.  Thus, petitioners are entitled to an award for administrative and litigation costs under section 7430.

To reflect the foregoing,

<u>An appropriate order will be issued granting petitioners' motion for an award of administrative and litigation costs, as amended and supplemented</u>.