T.C. Memo. 1999-6

UNITED STATES TAX COURT

CAROLYN B. COOPER, Petitioner $v$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13858-97.                    Filed January 14, 1999.

Bruce Elwyn Gardner, for petitioner.

Wendy L. Wojewodzki, for respondent.

MEMORANDUM OPINION

PAJAK, Special Trial Judge:  This case is before the Court pursuant to petitioner's amended motion for award of reasonable litigation costs under section 7430 and Rules 230 through 232. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.  However, all references to section 7430 are to such section as in effect

at the time the petition was filed. All Rule references are to the Tax Court Rules of Practice and Procedure.

The issue for decision is whether petitioner is the prevailing party within the meaning of section 7430(c)(4).

In a letter dated June 14, 1996, the District Director (District Director) of the Internal Revenue Service (Service), Baltimore, Maryland, informed petitioner that the Service was examining petitioner's 1993 Federal income tax return. The letter also informed petitioner that if she would like the Service to consider her case further, she should send to the Service readable copies of the records that she used to prepare that portion of her return with respect to contributions and miscellaneous deductions claimed on Schedule A, and the cost of goods sold and all expenses claimed on Schedule C.

In a letter dated July 12, 1996, petitioner acknowledged respondent's letter, and requested that respondent forward to her a copy of her 1993 Schedule C because she was unable to locate her copy. Petitioner said she enclosed corroborating exhibits for her contributions and miscellaneous deductions. Petitioner further stated that she included with the letter the only 2 months of receipts she had in support of her cost of goods sold deduction and asked respondent to multiply the average to come up with a 7-month total. Petitioner concluded her letter by stating that "we are confident that upon receipt of your copied Schedule

C, we will provide sufficient documentation to essentially permit you to accept my 1993 form 1040, as filed."

In a letter dated August 21, 1996, petitioner submitted to respondent a second set of documents to substantiate her claimed 1993 deductions for what she now referred to as an 8-month year. Petitioner advised respondent that "most of [her] original documents have been displaced or destroyed." She asked respondent to "extrapolate" and make estimates. She stated that she only had 2 months of electric and gas invoices and substantiation of these expenses would be forthcoming upon receipt of copies of statements from the respective utility companies.

In a letter dated November 25, 1996, petitioner stated that she enclosed a copy of a Form 872, Consent to Extend the Time to Assess Tax, so that she could obtain additional information.

In a letter dated January 6, 1997, the District Director informed petitioner that the period of time in which the Service might assess tax for the tax period ended December 31, 1993, had been extended to April 15, 1998.

On April 24, 1997, respondent mailed a notice of deficiency to petitioner. In the notice, respondent determined a deficiency in the amount of $5,495 in petitioner's 1993 Federal income tax. The deficiency was based on disallowance of itemized deductions, the cost of goods sold, and Schedule C expenses. The notice of deficiency stated that the miscellaneous deduction was disallowed

because of lack of substantiation, the charitable deduction had been adjusted to the amount verified, the cost of goods sold was allowed to the extent shown, and the Schedule C deductions were allowed as verified.

On June 30, 1997, petitioner filed a petition with this Court. Petitioner resided in Forestville, Maryland, at the time her petition was filed. On August 12, 1997, respondent's answer was filed.

In a letter dated February 5, 1998, an Appeals officer for the Service informed petitioner that a conference had been scheduled for February 13, 1998, for the purpose of attempting to settle without trial the issues in her case pending before the Court. The parties entered into a settlement stipulation, filed on April 13, 1998, which reflected an overpayment of $600 by petitioner for taxable year 1993. On April 14, 1998, this Court entered a stipulated decision pursuant to the settlement stipulation.

Petitioner thereafter filed with the Court a motion seeking an award of litigation costs in the amount of $10,720.40. Petitioner later increased this amount to $15,486.35 to correct a mathematical error and to adjust for the purportedly additional hours petitioner's attorney spent on this case to date. In petitioner's motion for leave to amend motion for an award of reasonable litigation costs, petitioner expressly stated that the motion was for an award of attorney's fees and does not include

administrative costs.  Under the circumstances, we shall consider the amended motion only as a motion for an award of reasonable litigation costs.  The stipulated decision was vacated, and the decision document was filed as a stipulation of settlement on April 27, 1998.

Neither party requested an evidentiary hearing, and the Court concludes that such a hearing is not necessary for the proper disposition of petitioner's amended motion.  Rule 232(a)(2).  We therefore decide the matter before us based on the record.

Under section 7430(a), a judgment for litigation costs incurred in connection with a court proceeding may be awarded only if a taxpayer is the "prevailing party", has exhausted his or her administrative remedies within the Service, and did not unreasonably protract the court proceeding.  Sec. 7430(a) and (b)(1), (3).  The taxpayer also must prove that the court costs are reasonable.  Sec. 7430(c)(1).  The taxpayer must substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues presented and satisfy the applicable net worth requirement.  Sec. 7430(c)(4)(A).  A taxpayer must satisfy each of the respective requirements in order to be entitled to an award of litigation costs under section 7430.  Rule 232(e); Minahan v. Commissioner, 88 T.C. 492, 497 (1987).

There is an exception. Petitioner will in any event fail to qualify as the prevailing party if respondent establishes that the United States' position in the court proceeding was substantially justified. Sec. 7430(c)(4)(B). We apply section 7430, as amended by the Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, secs. 701-704, 110 Stat. 1452, 1463-1464 (1996), which requires the United States to establish that the position of the United States in such proceedings was substantially justified. These amendments to section 7430 are effective with respect to proceedings commenced after July 30, 1996. TBOR 2 secs. 701(d), 702(b), 703(b), and 704(b), 110 Stat. 1463-1464. Because the petition in this case was filed on June 30, 1997, section 7430 as amended by TBOR 2 applies. Maggie Management Co. v. Commissioner, 108 T.C. 430, 437-441 (1997).

Respondent argues that petitioner is not the prevailing party because the position of the United States was substantially justified and the costs claimed are not reasonable. Respondent concedes that petitioner has satisfied the other requirements of section 7430.

The United States' position is substantially justified if it is justified to a degree that could satisfy a reasonable person and has a reasonable basis in both fact and law. Pierce v. Underwood, 487 U.S. 552, 565 (1988) (interpreting similar language in the Equal Access to Justice Act, 28 U.S.C. sec. 2412 (1988)); Maggie Management Co. v. Commissioner, supra at 443. A

position has a reasonable basis in fact if there is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Pierce v. Underwood, supra at 564-565. The determination of reasonableness is based on those "available facts which formed the basis for the position taken * * * during the litigation, as well as upon any legal precedents related to the case." Maggie Management Co. v. Commissioner, supra at 443.

Although this Court may determine the reasonableness of respondent's position with respect to each adjustment in the notice of deficiency independently, both parties make their respective arguments for all of the adjustments in the notice of deficiency collectively. Thus, we need not determine whether to apportion the award between those adjustments for which respondent was, and those adjustments for which respondent was not, substantially justified. Cf. Swanson v. Commissioner, 106 T.C. 76, 87-92 (1996).

The fact that respondent eventually loses or concedes a case does not by itself establish that the position taken is unreasonable. Swanson v. Commissioner, supra at 94. However, it is a factor that remains to be considered. Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991).

To decide whether respondent's position was substantially justified, the Court must first identify the point in time at which respondent is considered to have taken a position and then decide whether the position taken from that date forward was

substantially justified. Because petitioner's amended motion is only for litigation costs, and not administrative costs, we look to respondent's position in the proceeding in this Court which is set forth in the answer filed on August 12, 1997. Sec. 7430(c)(7)(A).

Petitioner contends that respondent's positions in the answer and trial memorandum were not substantially justified or were unreasonable based on the facts or the law. With respect to the answer, petitioner generally contends that respondent failed to exercise due diligence in answering the petition by ignoring documents in respondent's possession. With respect to the trial memorandum, petitioner contends that respondent's position was based on a failure to review the documents in a timely manner.

Respondent contends that despite the many requests for documents, petitioner failed to substantiate the greater portion of her claimed deductions until shortly before the calendar call on April 13, 1998. Respondent further contends that respondent exercised due diligence in answering the petition, did not ignore any documents in respondent's possession, and allowed petitioner's deductions to the extent that they were substantiated as evidenced in the notice of deficiency.

On this record, we conclude that respondent's position was substantially justified. We find that "It was reasonable for respondent not to concede the adjustments until [respondent] had received and verified adequate substantiation for the items in

question."  Simpson Financial Services, Inc. v. Commissioner, T.C. Memo. 1996-317.  We have stated on many occasions that deductions are strictly a matter of legislative grace.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Taxpayers must substantiate any deductions claimed through sufficient records. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Respondent's position was based on the examination of petitioner's return.  In the notice of deficiency issued to petitioner following the examination, respondent allowed $5,919 of the claimed $23,276 in deductions.  The difference of $17,357 was disallowed because of petitioner's failure to substantiate the remaining items on her return.

This was only a substantiation case.  Although petitioner repeatedly stated in her petition that she had additional documents or adequate evidence to substantiate the claimed deductions, there is no evidence in the record that suggests that the necessary documents were available to respondent until approximately 7 months after respondent filed the answer.  Prior to the issuance of the notice of deficiency, petitioner admitted in her August 21, 1996 letter to respondent that "most of my original expenditure documents have been misplaced or destroyed * * * .  Therefore, I must rely on your reasonable judgment by extrapolating from documents enclosed and professional

discretion."  We find it difficult to require respondent to concede a case when documents are missing.  Moreover, notwithstanding petitioner's allegations, there is no evidence, nor does petitioner point to any particular instance, in which respondent ignored documents in respondent's possession.

At the February 13, 1998 meeting, petitioner provided documents to respondent's Appeals officer.  However, at that meeting the Appeals officer determined that additional documents were needed.  Another meeting was scheduled for March 9, 1998, but was apparently rescheduled at petitioner's counsel's request until March 17, 1998.  Petitioner finally provided the additional substantiation at the March 17, 1998 meeting.  After respondent's Appeals officer had an opportunity to review those additional documents, respondent promptly conceded all of the issues in the notice of deficiency on or before April 10, 1998.

Prior to respondent's concessions of all of the issues in the notice of deficiency, respondent submitted to the Court a trial memorandum pursuant to the Court's standing pre-trial order.  Petitioner argues that because respondent took the position in the trial memorandum that petitioner's claimed deductions were insufficiently substantiated despite having all of the substantiation documents, respondent's position was substantially unjustified in the trial memorandum.  In essence, petitioner contends that respondent failed to review those documents in a timely manner.

We disagree.  As we stated above, petitioner finally submitted all of the requested documents to respondent's Appeals officer on March 17, 1998.  On or before April 10, 1998, respondent conceded all of the issues in the notice of deficiency, and the signed stipulation was filed with the Court on April 13, 1998.  In our view, respondent timely reviewed the documents submitted by petitioner.  Due to the delay by petitioner in providing adequate documentation, we are persuaded that respondent's Appeals officer was unable to review the documents prior to the submission of the trial memorandum.

Thus, we are satisfied that respondent exercised due diligence in answering the petition, did not ignore documents in respondent's possession, and reviewed the documents in a timely manner.  We note that within 8 months after respondent's answer, the parties entered into a stipulation of settlement.  The case would have been resolved earlier if petitioner had provided respondent with the necessary documents.

Because respondent had a reasonable basis in fact and law for the positions taken in the answer and the trial memorandum, we hold that respondent's position was substantially justified, and therefore petitioner was not the prevailing party within the meaning of section 7430(c)(4).  Thus, we need not address the issue of whether petitioner's claim for litigation costs was reasonable.

To reflect the foregoing,

<u>An appropriate order
and decision will be entered</u>.