T.C. Memo. 2001-233

UNITED STATES TAX COURT

JAMES TINNELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20318-97.                    Filed September 6, 2001.

<u>W. Leslie Sully, Jr.</u>, for petitioner.

<u>Paul L. Dixon</u>, for respondent.


MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  This case is before the Court on petitioner's motion for award of litigation costs filed pursuant to section 7430 and Rule 231 on June 5, 2001.[1]  Petitioner seeks to recover litigation costs of $187,958.22 incurred in contesting

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

respondent's deficiency determination for the taxable years 1991 through 1994.

The issues for decision are whether petitioner qualifies as a "prevailing party" for purposes of section 7430 and, if so, whether the litigation costs petitioner seeks are adequately documented and are reasonable, and whether petitioner has unreasonably protracted the Court proceedings. Neither petitioner nor respondent requested an evidentiary hearing, and we conclude that such a hearing is not necessary for the proper disposition of petitioner's motion. See Rule 232(a)(2).

## Background

The following facts are based upon the entire record, including the affidavits and exhibits submitted by the parties with respect to petitioner's motion for costs, the parties' pleadings and stipulations of settled issues, the stipulations of fact, and related documents.

Petitioner, a businessman and licensed physician, resided in Las Vegas, Nevada, when the petition in this case was filed on October 9, 1997.

During the relevant periods, petitioner conducted a mining activity known as Jetco Enterprises, the financial results of which he reported on Schedules C, Profit or Loss From Business, of his respective tax returns. For each of the years at issue,

petitioner reported a substantial net loss from his mining activity.

Following an examination of petitioner's tax returns for the years at issue, respondent issued notices of deficiency in which respondent proposed noncomputational adjustments[2] to petitioner's tax returns as follows:

(a) Respondent disallowed all of petitioner's mining expense deductions for each of the years 1991, 1992, 1993, and 1994;

(b) respondent disallowed part of petitioner's alimony deductions for 1991 and 1992;

(c) respondent determined that petitioner received a capital gain of $23,380 from the disposition of stock of Zila, Pharmaceutical, Inc. (Zila), for 1992;

(d) respondent determined that petitioner had unreported income of $667,856 from the sale of Zila stock options and the disallowance of a net operating loss for 1993;

(e) respondent determined that petitioner had additional royalty income of $3,726 from Zila for 1992; and

(f) respondent determined that petitioner was liable for additions to tax and penalties under sections 6651(a)(1), 6654, and 6662(a) for each of the years at issue.

Respondent disallowed petitioner's mining expense deductions on the grounds that petitioner had failed to show that his mining

---

[2]Respondent also proposed several computational adjustments.

activity was "an active trade or business" or that it "has been operated in a businesslike manner". Both parties treated this language as raising an issue under section 183(a), which provides that "In the case of an activity engaged in by an individual or an S corporation, if such activity is not engaged in for profit, no deduction attributable to such activity shall be allowed" (the section 183 issue). Alternatively, respondent determined that "If the Schedule C activity is determined to be a legitimate business," the expenses were not ordinary and necessary business expenses under section 162 (the section 162 issue).

On October 9, 1997, petitioner filed a petition to redetermine the deficiencies, in which he alleged that each of the proposed adjustments was erroneous. In respondent's answer, filed on November 24, 1997, respondent denied petitioner's allegations of error and also denied some of petitioner's factual allegations for lack of sufficient information.

The parties resolved most of the issues prior to trial,[3] leaving just two issues to be tried: (1) Whether petitioner's

---

[3]Prior to trial, the parties entered into two stipulations of settled issues. In the first such stipulation, petitioner conceded three of the previously disputed adjustments. In the second such stipulation, petitioner conceded the adjustment with respect to the exercise of stock options in Zila, Inc., and the parties agreed on the disposition of adjustments relating to NOL deductions and carrybacks for 1991 and 1993. In the stipulation of facts filed just prior to trial, the parties resolved the sec. 162 issue with respect to petitioner's claimed mining expense deductions.

mining activity for 1991, 1992, 1993, and 1994 constituted an activity engaged in for profit within the meaning of section 183, and (2) whether petitioner was liable for the accuracy-related penalty under section 6662(a) for each of the years at issue. Following a trial on the merits, we held in Tinnell v. Commissioner, T.C. Memo. 2001-106 (Tinnell I), that petitioner's mining activity was an activity engaged in for profit within the meaning of section 183 and that petitioner was liable for the accuracy-related penalty with respect to the stipulated and computational issues and the adjustment with respect to petitioner's exercise of his Zila stock options. We based our holding with respect to section 183 on a review of the relevant facts and circumstances and an analysis of nine factors, enumerated in section 1.183-2(b), Income Tax Regs. This Court and others, including the Court of Appeals for the Ninth Circuit to which an appeal in this case would lie, typically apply these factors to evaluate whether a taxpayer conducted his activity with the intention of making a profit. See, e.g., Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981).

After we issued our opinion in Tinnell I, petitioner filed a motion for award of litigation costs in which he alleges that he satisfies all of the requirements of section 7430 and that he is entitled to litigation costs of $187,958.22.

In his response to petitioner's motion, respondent agrees that (1) petitioner has substantially prevailed with respect to the amount in controversy under section 7430(c)(4)(A)(i), (2) petitioner meets the net worth requirements under section 7430(c)(4)(A)(ii), and (3) petitioner exhausted administrative remedies available to him as required by section 7430(b)(1). Respondent contends, however, that petitioner is not a prevailing party within the meaning of section 7430(c)(4)(A) because the position taken by respondent in this case was substantially justified within the meaning of section 7430(c)(4)(B). Alternatively, respondent contends that petitioner is not entitled to the litigation costs claimed because petitioner unreasonably protracted this litigation, the litigation costs claimed are excessive, and the litigation costs claimed are not adequately documented.

## Discussion

In general, section 7430[4] provides for an award of reasonable litigation costs to a taxpayer who:  (1) Is the prevailing party in a court proceeding brought against the United States involving the determination of any tax, interest, or

---

[4]Sec. 7430, as most recently amended by Congress in the IRS Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3101, 112 Stat. 727, applies to that portion of the claimed costs incurred after Jan. 18, 1999.  Sec. 7430, as amended by the Taxpayer Relief Act of 1997, Pub. L. 105-34, secs. 1285, 1453, 111 Stat. 1038, 1055, applies to that portion of the claimed costs incurred on or before Jan. 18, 1999.

penalty pursuant to the Internal Revenue Code; (2) has exhausted his administrative remedies within the IRS; and (3) did not unreasonably delay or protract the court proceedings. Respondent concedes that petitioner exhausted his administrative remedies but maintains that petitioner is not a prevailing party and that he unreasonably delayed or protracted these proceedings.

To be a prevailing party, a taxpayer must satisfy the applicable net worth requirements set forth in section 7430(c)(4)(A)(ii) and must substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues presented. Sec. 7430(c)(4)(A). Respondent concedes that petitioner satisfies the applicable net worth requirements and that petitioner has substantially prevailed but argues that respondent's litigating position was substantially justified.

Section 7430(c)(4)(B)(i) provides that a party shall not be treated as a prevailing party if the Commissioner establishes that his position was substantially justified. Whether the Commissioner's position was substantially justified is to be resolved by applying a reasonableness standard. Pierce v. Underwood, 487 U.S. 552, 564 (1988); Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). The litigating position of the Commissioner is substantially justified if the position had a reasonable basis in both fact and

law.  <u>Norgaard v. Commissioner</u>, 939 F.2d 874, 881 (9th cir.
1991), affg. in part and revg. in part T.C. Memo. 1989-390;
<u>Maggie Mgmt. Co. v. Commissioner</u>, 108 T.C. 440, 443 (1997).
Although the Commissioner's litigating position may have been
incorrect in hindsight,[5] it is substantially justified "if a
reasonable person could think it correct".  <u>Pierce v. Underwood</u>,
<u>supra</u> at 566 n.2.  "Thus, whether respondent acted reasonably in
the instant case ultimately turns upon those available facts
which formed the basis for the position taken in the notice of
deficiency and during the litigation, as well as upon any legal
precedents related to the case."  <u>Maggie Mgmt. Co. v.</u>
<u>Commissioner</u>, <u>supra</u> at 443.

When a taxpayer seeks an award of litigation costs under
section 7430, we look at the Commissioner's answer to ascertain
his initial litigating position, and we must decide whether the
Commissioner's position was reasonable by examining the facts
reasonably available to the Commissioner at the time he asserted
his position in his answer.  <u>Maggie Mgmt. Co. v. Commissioner</u>,
<u>supra</u> at 443; <u>DeVenney v. Commissioner</u>, 85 T.C. 927, 930 (1985).
In Tinnell I, respondent's litigating position with respect to

---

[5]The fact that the Commissioner eventually loses a case does
not by itself establish that the Commissioner's position was
unreasonable, but the litigating result is a factor that may be
considered.  See <u>Anthony v. United States</u>, 987 F.2d 670, 674
(10th Cir. 1993); <u>Estate of Perry v. Commissioner</u>, 931 F.2d 1044,
1046 (5th Cir. 1991); <u>Sokol v. Commissioner</u>, 92 T.C. 760, 767
(1989).

petitioner's mining activity expenses as set forth in his answer was the same position asserted in the notices of deficiency; i.e., the expenses must be disallowed because of section 183 or, alternatively, because petitioner failed to establish they were deductible under section 162.

Petitioner's motion focuses on respondent's litigating position under section 183 with respect to respondent's disallowance of petitioner's mining expense deductions.[6]  In his response to petitioner's motion, respondent asserts that he had a reasonable basis in fact and law to disallow the deductions under section 183.  Although respondent also alleges that petitioner fails to satisfy certain requirements of section 7430, we shall confine our analysis to the section 183 issue because it disposes of petitioner's entire claim, making it unnecessary to address other issues raised by respondent.

In Tinnell I, respondent determined that petitioner had not engaged in his mining activity with the profit objective required by section 183.  Whether the requisite profit objective exists is a question of fact that must be determined after considering all the relevant facts and circumstances.  Golanty v. Commissioner, 72 T.C. at 426.

---

[6]The sec. 162 issue was resolved by the parties prior to trial.

Section 1.183-2(b), Income Tax Regs., sets forth a nonexhaustive list of factors that courts often consider in deciding whether a profit objective exists.  No single factor and not even a majority of the factors is controlling.  Id.  Rather, the factors are evaluated in order to arrive at an informed conclusion based on all the evidence regarding whether the requisite profit objective existed.  Golanty v. Commissioner, supra.

We considered the factors set forth in section 1.183-2(b), Income Tax Regs., and concluded that some factors favored respondent and some factors favored petitioner.  One of the factors that favored respondent was petitioner's history of income or loss.  Petitioner had engaged in his mining activity since at least 1980 and had claimed substantial net operating losses with respect to his mining activity in every year from 1989 through and including the years at issue.  A record of substantial losses over many years is an important factor bearing on a taxpayer's true intent.  Golanty v. Commissioner, supra at 426.  We also found that petitioner failed to prove that he maintained accurate and businesslike records, a fact that is relevant in determining whether the manner in which petitioner conducted his activity is consistent with an intent to make a profit.

Although we ultimately held in favor of petitioner on the section 183 issue, our conclusion regarding petitioner's profit objective was not easy. Respondent presented facts in support of his position that petitioner's primary objective in conducting his mining activity was not to make a profit, and respondent's arguments with respect to this highly fact-intensive issue were reasonable and not frivolous. Although we did not agree with respondent's arguments in the final analysis, respondent has persuaded us that his position had a reasonable basis in fact and law. We hold, therefore, that respondent's litigating position regarding the section 183 issue was substantially justified and that petitioner is not entitled to an award of litigation costs under section 7430.

To reflect the foregoing,

<u>An appropriate order and decision will be entered under Rule 155.</u>