T.C. Summary Opinion 2005-136


UNITED STATES TAX COURT


RONALD A. HORTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17058-04S.                Filed September 15, 2005.


<u>Robert L. Stephens, Jr.</u>, for petitioner.

<u>Robert V. Boeshaar</u>, for respondent.


    NIMS, <u>Judge</u>:   This case was heard pursuant to section 7463
of the Internal Revenue Code in effect at the time the petition
was filed.  The decision to be entered is not reviewable by any
other court, and this opinion may not be cited as authority.
Unless otherwise indicated, all other section references are to

the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This matter is before the Court on petitioner's motion for award of costs and attorney's fees pursuant to section 7430. The issue for consideration is whether petitioner is entitled to reasonable costs for expenses incurred in proceedings with the Internal Revenue Service regarding his 2003 Federal income tax liability.

## Background

Petitioner claimed head-of-household filing status, the earned income credit, and a dependency exemption deduction on his 2002 and 2003 Federal income tax returns.

Respondent determined that petitioner's daughter did not qualify as a dependent and that petitioner was not entitled to the claimed filing status, credit, and deduction for the 2002 and 2003 taxable years.

Respondent issued a notice of deficiency with respect to petitioner's 2002 taxable year on August 22, 2003. Petitioner filed a petition in connection with the 2002 taxable year on November 25, 2003. Petitioner's case was assigned to Appeals Officer Pat Fu (Ms. Fu). Petitioner provided respondent with various documentation, including a modified divorce decree and parenting plan signed by petitioner's former wife. These

documents supported petitioner's position that his daughter resided with him in 2002 and that he provided over half of her total support for the year. The parties reached a settlement regarding the 2002 taxable year on September 30, 2004. The parties agreed that petitioner was entitled to the claimed filing status, credit, and deduction for the 2002 taxable year.

On April 5, 2004, petitioner received a proposed notice of deficiency from respondent's examiner, Jan Sinclair (Ms. Sinclair), regarding the 2003 taxable year. Respondent proposed to disallow, for 2003, the same items as those at issue for the 2002 taxable year. On May 3, 2004, petitioner sent a letter to Ms. Sinclair asking her to use petitioner's submissions for the 2002 taxable year to settle the 2003 taxable year. Petitioner asserted that once respondent had agreed to petitioner's status as head-of-household in 2002, the 2003 examination would be "unnecessary".

On June 14, 2004, respondent issued a notice of deficiency to petitioner with respect to the 2003 taxable year. On September 7, 2004, shortly before the parties reached a final settlement regarding the 2002 taxable year, petitioner sent a letter to Ms. Fu that stated in part:

> I don't know if you can help us or not, but I am enclosing a copy of the very same type of notice for Mr. Horton's tax year 2003. This was brought about, of course, by the very same problem that we have finally brought to resolution for 2002 now in 2004.

I am also enclosing a copy of our letter to Ms. Sinclair, written in May of 2004, informing her of the on-going petition for 2002.

Is there any way you can help us avoid having to go through this entire process again for another two years? Whatever you could do would certainly be greatly appreciated.

On September 10, 2004, petitioner sent Ms. Sinclair another letter, informing her of the imminent settlement regarding the 2002 taxable year and attaching a copy of the letter sent on May 3, 2004. Petitioner filed a petition with respect to the 2003 taxable year on September 14, 2004. At the time the petition was filed, petitioner resided in Billings, Montana.

On November 29, 2004, petitioner filed a motion for summary judgment pursuant to Rule 121. On December 9, 2004, petitioner faxed copies of his daughter's birth certificate, Social Security card, and school record to respondent. On January 13, 2005, the parties filed a stipulation of settled issues, which resolved all issues in petitioner's favor.

On January 24, 2005, petitioner filed a motion for award of costs and attorney's fees. Petitioner seeks an award of $3,921.88. Respondent contends that petitioner is not the prevailing party within the meaning of section 7430(c)(4) because respondent's position was substantially justified until December 9, 2004, when petitioner provided relevant information regarding the 2003 taxable year. Furthermore, respondent argues that

petitioner failed to exhaust his administrative remedies, unreasonably protracted the proceedings, and claimed unreasonable costs.

Neither party has requested a hearing, and we conclude that a hearing is not necessary for the proper disposition of petitioner's motion. Rule 232(a)(2). Therefore, we decide petitioner's motion on the basis of the parties' submissions and the record developed to date. For the reasons described below, we deny petitioner's claim for costs and attorney's fees.

## Discussion

Section 7430 provides for the award of litigation costs in any court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty pursuant to the Internal Revenue Code. An award of litigation costs may be made where the taxpayer is the "prevailing party", has exhausted the administrative remedies with the Internal Revenue Service, and did not unreasonably protract the administrative or court proceeding. See sec. 7430(b)(1), (3).

To be a prevailing party, the taxpayer must substantially prevail with respect to either the amount in controversy or with respect to the most significant issue or set of issues presented, and, at the time the petition is filed, satisfy a net worth requirement. Sec. 7430(c)(4)(A). Respondent has conceded that

petitioner meets the net worth requirement.  Section

7430(c)(4)(B), however, provides that a taxpayer shall not be

treated as the prevailing party if the United States establishes

that the position of the United States in the proceeding was

substantially justified.

Respondent contends that petitioner is not the prevailing

party within the meaning of section 7430(c)(4) because

respondent's position was substantially justified prior to

December 9, 2004, on which date petitioner faxed to respondent

copies of documents sufficient to establish petitioner's

position.  Within a little over a month thereafter, the parties

filed a stipulation that resolved all issues in petitioner's

favor.  Respondent's position was substantially justified if,

based on all the facts and circumstances and legal precedents

related to the case, respondent acted reasonably.  Pierce v.

Underwood, 487 U.S. 552 (1988); Sher v. Commissioner, 89 T.C. 79,

84 (1987), affd. 861 F.2d 131 (5th Cir. 1988).  We must examine

whether respondent' position was reasonable given the available

facts and circumstances at the time respondent took his position.

Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 443 (1997).

A significant factor in determining whether the position of

the Internal Revenue Service was substantially justified as of a

given date is whether, on or before that date, the taxpayer

presented all relevant information under the taxpayer's control

and relevant legal arguments supporting the taxpayer's position to the appropriate Internal Revenue Service personnel. Sec. 301.7430-5(c), Proced. & Admin. Regs. The fact that the Commissioner eventually conceded a case does not alone establish that his position was unreasonable. Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Sokol v. Commissioner, 92 T.C. 760, 767 (1989).

Here, petitioner failed to specify whether he seeks litigation or administrative costs. The position of the United States with respect to recovery of litigation costs is the position taken by the Commissioner in the answer to the petition. Sher v. Commissioner, 861 F.2d 131, 134-135 (5th Cir. 1988), affg. 89 T.C. 79 (1987). For purposes of recovery of administrative costs, the Commissioner's position is determined as of the earlier of the date of the receipt by the taxpayer of the notice of the decision of the Appeals Office or the date of the notice of deficiency, which in this case was June 14, 2004. Sec. 7430(c)(7)(B).

Under section 7430(c)(4), our application of the substantially justified standard in a litigated case is limited to the period beginning with the point at which the Commissioner's counsel has become involved. Sher v. Commissioner, 89 T.C. at 86. This would normally take place when the Commissioner answered the petition. Id. However, in a small

tax case such as this, no Answer is required. See Rule 173(b). Accordingly, respondent's position for the purposes of the motion is the position maintained by respondent during the pendency of this case. We note that respondent's position, specifically that petitioner was not entitled to head-of-household filing status, the earned income credit, and the dependency exemption deduction, was the same in both the administrative and the judicial proceedings.

Section 151(c) allows a taxpayer to deduct an annual exemption amount for each dependent. Section 152(a) defines a "dependent" to include a taxpayer's child, provided that more than half of the child's support was received from the taxpayer during the calendar year. Under section 152(e)(1), if a child receives over half of his support during the calendar year from divorced parents, and such child is in the custody of one or both parents for more than one-half of the calendar year, then such child is treated for purposes of section 152(a) as receiving over half the support from the parent having custody for a greater portion of the calendar year, regardless of which parent actually provided the support.

Petitioner contends that since the May 2004 letter directed respondent to use information previously submitted for the 2002 taxable year, respondent had a basis to "resolve" the examination for the 2003 taxable year. We disagree. The documents submitted

in May 2004, relating to the 2002 taxable year, were useful but not sufficient to invalidate respondent's position as to the 2003 taxable year.  Each taxable year stands on its own and must be separately considered.  See United States v. Skelly Oil Co., 394 U.S. 678 (1969).

Respondent's position was substantially justified until December 9, 2004, when petitioner provided respondent with relevant information related to the 2003 taxable year.  The Commissioner has a reasonable period to analyze submitted documentation and modify his position accordingly.  Sokol v. Commissioner, supra at 765-766.  We note that respondent promptly settled all issues related to the 2003 taxable year after petitioner's claims were substantiated.

We conclude that respondent's position was substantially justified under section 7430(c)(4)(B).  Respondent was unaware that his position was invalid because he had yet to receive sufficient information necessary to make an appropriate determination as to petitioner's 2003 taxable year.  Moreover, the parties did not reach a final settlement regarding petitioner's 2002 taxable year until more than 3 months after the 2003 notice of deficiency was issued.

We also note that in his motion petitioner has apparently intermingled services which were rendered for both the 2002 and

2003 taxable years.  Obviously, any services relating to 2002 are irrelevant in this 2003 tax case.  It was petitioner's job to sort these out, and this he has not done.

We hold that petitioner is not entitled to an award of costs and attorney's fees because respondent's position was substantially justified.  As a result of our conclusion, we need not discuss whether petitioner exhausted his administrative remedies, unreasonably protracted the proceedings, or claimed unreasonable costs.

We have considered all the contentions and arguments of the parties not discussed herein, and we conclude they are without merit, irrelevant, or moot.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.